**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD BAUER** | ) | **CASE NO. 1:03CV2061** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CONCORD TOWNSHIP TRUSTEES** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion for Summary Judgment of Defendant, Concord Township Trustees. For the reasons that follow, the motion for summary judgment is granted.

**I. FACTUAL BACKGROUND**

Plaintiff Richard Bauer claims that Defendant Concord Township Trustees wrongfully discriminated against Plaintiff, on the basis of his age, when the Trustees hired fifty-five year old Jack Blackwell in lieu of Plaintiff, who was sixty-four years old at the time he applied for the position. Based on this single allegation of age discrimination, Plaintiff's Complaint has alleged violations of the

Age Discrimination in Employment Act ("ADEA"), O.R.C. §§ 4112.14 and 4112.99, and Ohio public policy.

In the fall of 2002, Defendant Trustees Robert Patterson, Caroline Luhta, and Diana Lombardo were seeking to hire a new Township Administrator. The Administrator oversees the Township's Service, Fire, and Recreation departments and is a full-time position that requires an organized professional who would be expected to work more than forty hours per week.

The Trustees did not advertise the position but contacted various people they believed possessed the proper qualifications and skills. The Trustees eventually considered and interviewed three candidates: Plaintiff, age sixty-four; Jack Blackwell, age fifty-five; and Randall Sharpe.

Plaintiff was contacted and encouraged to apply for the Administrator position by Trustee Patterson. (Patterson Dep. at 14; Bauer Dep. at 12-13.) Trustee Patterson and Plaintiff had worked together from 1975 to 1982 and had remained good friends for over twenty-five years. Trustee Patterson thought Plaintiff, who currently owned a temporary personnel business, would be qualified for the job, because Plaintiff had marketing and management experience from working for various industrial companies. (Patterson Dep. at 14.)

Plaintiff was interviewed twice for the Administrator position. Plaintiff first interviewed with only Trustees Luhta and Lombardo. During this first interview, neither his age nor his retirement plans were mentioned. Instead, much of the discussion involved Plaintiff's current business that he intended to keep and manage on the side while serving as Township Administrator. Plaintiff indicated that he intended to have his employees run the business. (Bauer Dep. at 18-19; Luhta Dep. at 15; Lombardo Dep. at 25.) Given Plaintiff's plans, both Trustees Luhta and Lombardo were concerned about

Plaintiff's commitment to the Administrator position and whether he could devote the substantial amount of time necessary for the job. (Luhta Dep. at 15, 17; Lombardo Dep. at 25.) In addition, before the second interview, Township Clerk Peggy Cusick and Trustee Patterson recalled that Trustees Luhta and Lombardo had concerns regarding Plaintiff's personality, believing his attitude to be arrogant and abrasive. (Cusick Dep. at 13; Patterson Dep. at 42.) Cusick's and Trustee Patterson's unobjected deposition testimony was substantiated by Trustee Lombardo. (Lombardo Dep. at 28-29.) Thus, after this first interview, both Trustees Luhta and Lombardo had decided that they did not want to offer Plaintiff the Administrator position. (Luhta Dep. at 16-17; Lombardo Dep. at 25, 27; Patterson Dep. at 42.)

However, because Trustee Patterson thought very highly of Plaintiff, he asked that all three Trustees interview Plaintiff a second time. During the second interview, Plaintiff claims that Trustee Patterson asked him his age and then inquired about his retirement plans. In addition, after the interview, Plaintiff alleges that he advised Trustee Patterson that it was inappropriate for Patterson to ask his age and that Patterson responded by saying "f*** the law." (Bauer Dep. at 32.)

By contrast, all three Trustees and Township Clerk Peggy Cusick, who was present at all the candidates' interviews, could not recall specifically that Trustee Patterson asked Plaintiff his age during the second interview. Yet, Clerk Cusick did remember generally that two candidates were asked their age during the interview process. (Cusick Dep. at 10.) Similarly, Trustee Luhta recalls that Trustee Patterson asked one of the candidates his age and that she told Patterson that the law did not permit him to ask that question. Trustee Luhta then remembers that Trustee Patterson told her that he did not care and he was going to ask anyway. (Luhta Dep. at 20.) However, like Trustee Luhta's

-3-

recollection, Jack Blackwell, the candidate who eventually was hired for the Administrator position, indicated that Trustee Patterson asked him his age during an interview. Blackwell then said that Trustee Luhta informed Trustee Patterson that he could not ask such a question and that Patterson responded by saying, "Rules are made to be broken." (Blackwell Dep. at 14-15.)

Still, after Plaintiff's second interview, Trustee Patterson now agreed with Trustees Luhta and Lombardo that Plaintiff should not be hired for the Administrator position. (Patterson Dep. at 42.) Trustee Patterson believed that Plaintiff really did not want the job, because Plaintiff had told the Trustees that he was willing to work for nothing and that he was just interested in employee benefits. (Patterson Dep. at 43.) Trustee Patterson also noted that Plaintiff had told the Trustees that he intended to return to his other business once it started to improve. (Patterson Dep. at 44.) For his part, Plaintiff says that he told the Trustees in the second interview that he "was willing to sell the business when it got better." (Bauer Dep. at 25.)

Yet, the Trustees instead favored hiring Jack Blackwell, who all three Trustees initially recommended for the position. Blackwell had gained extensive human resources management experience with three major companies, including thirteen years as a Human Resources Manager for Nestle Frozen Foods. In addition, Blackwell was then serving on the Township Comprehensive Planning Committee. All of the Trustees were impressed by Blackwell's employment history, and they felt that his job skills and personality were the best fit for the Township Administrator job. (Patterson Dep. at 25, 44; Luhta Dep. at 18-19; Lombardo Dep. at 22, 31-32.)

## II. LAW AND ANALYSIS

**Standard of review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is not material unless it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). An opponent of a motion for summary judgment may not rely on the mere allegations of the complaint, but must set forth specific facts showing a genuine issue for trial. *Id.* When no reasonable jury could return a verdict for the non-moving party, no genuine issue exists for trial. *Id.* However, in evaluating a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the non-moving party. *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1097-98 (6th Cir. 1994).

**ADEA and Ohio age discrimination law**

The ADEA prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Similarly, O.R.C. §§ 4112.14 and 4112.99 provide that employers shall not discriminate against employees because of age. "Under Ohio law, the elements and burden of proof in a state age-discrimination claim parallel the ADEA analysis." *Grosjean v. First Energy Corp.*, 349 F.3d 332, 340 (6th Cir. 2003) (citing *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 357 (6th Cir. 1998), and *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146, 451 N.E.2d 807, 808 (1983)).

To establish a claim under the ADEA without direct evidence of age discrimination, a plaintiff

may rely upon circumstantial evidence that would permit an inference of discrimination under the three-stage, burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 459 (6th Cir. 2004).

First, a plaintiff can prove a prima facie case of age discrimination by showing the following four elements: 1) that he was at least forty years old at the time of the alleged discrimination; 2) that he was subjected to an adverse employment action; 3) that he was otherwise qualified for the position; and 4) that after he was rejected, a substantially younger applicant was selected. *Burzynski v. Cohen*, 264 F.3d 611, 622 (6th Cir. 2001) (citing *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 341 (6th Cir. 1998)).  Second, once a plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its adverse employment action. *Id.* Third, if the defendant provides such a reason, "the plaintiff must then demonstrate by a preponderance of the evidence that the defendant's proffered reason was a pretext for age discrimination." *Id.*

### 1. Plaintiff has established his prima facie case

Defendant Trustees do not dispute the first three elements of Plaintiff's prima facie case. Instead, Defendants argue that Plaintiff was not replaced by a substantially younger applicant, such that Plaintiff cannot establish the fourth element.

While the Sixth Circuit recently has stated in dicta that "the overwhelming body of cases in most circuits has held that age differences of less than ten years are not significant enough to make out

-6-

the fourth part of the age discrimination prima facie case," the court specifically held that "an age difference of six years or less between an employee and a replacement is not significant." *Grosjean*, 349 F.3d at 338-40. The *Grosjean* court then went on to note that its bright-line rule "will assist district courts in making a firm determination, yet does not encroach on our precedent holding that eight years can be a significant age difference." *Id.* at 340. Thus, because Plaintiff is about eight and one-half years older than Blackwell, the Court finds that Plaintiff has established the fourth element of his prima facie case for the purposes of summary judgment. *See Cicero v. Borg-Warner Automotive, Inc.*, 280 F.3d 579, 588 (6th Cir. 2002) (citing *Cline v. Catholic Diocese*, 206 F.3d 651, 660 (6th Cir. 1999) (noting that the prima facie requirement for making a discrimination claim "is not onerous" and "poses a burden easily met")).

### 2. Defendant Trustees non-discriminatory reasons for hiring Blackwell

Having found that Plaintiff established a prima facie case of age discrimination, the burden then shifts to the Defendant Trustees to offer some legitimate, non-discriminatory reason for hiring Blackwell over Plaintiff. This burden is only one of "production" because "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1082 (6th Cir. 1994) (quoting *Burdine*, 450 U.S. at 253).

Here, Defendants have put forth several non-discriminatory reasons for not hiring Plaintiff. First, Defendant Trustees argue that they were greatly concerned about Plaintiff's ability to continue running his own personnel business while fulfilling the time-intensive requirements necessary for the

-7-

Township Administrator position. The Trustees questioned whether Plaintiff would be committed to the job, and they feared that Plaintiff would leave the Township as soon as his business improved. Second, Trustees Luhta and Lombardo had concerns about whether Plaintiff would work well with the current staff. Based on Plaintiff's first interview, both Trustees found that Plaintiff's attitude was abrasive and arrogant. Third, Defendant Trustees asserted that Blackwell's employment background, job skills, and personality made Blackwell more qualified for the position than Plaintiff. All three Trustees initially recommended Blackwell for the job, and they felt that Blackwell was the clear choice for the position after completing the interview process.

### 3. Plaintiff has failed to show Defendant's reasons were a pretext

Because Defendant Trustees have articulated non-discriminatory reasons for not hiring Plaintiff, Plaintiff now "must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer*, 29 F.3d at 1083. To raise a genuine issue of material fact on the validity of Defendant Trustees' reasons for not hiring Plaintiff, Plaintiff must demonstrate by a preponderance of the evidence either 1) that the proffered reasons had no basis in fact; 2) that the proffered reasons did not actually motivate the action; or 3) that they were insufficient to motivate the action. *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 883 (6th Cir. 1996).

Here, Plaintiff attempts to discredit Defendant Trustees' non-discriminatory reasons through the second method outlined in *Kocsis*, by claiming that Defendant's decision was actually motivated by age. To make this showing, a "plaintiff attempts to indict the credibility of his employer's explanation by showing circumstances which tend to prove that an illegal motivation was *more* likely than that offered by the defendant." *Manzer*, 29 F.3d at 1084. In other words, a plaintiff asserts that the

-8-

"sheer weight of the circumstantial evidence of discrimination makes it 'more likely than not' that the employer's explanation is a pretext, or coverup." *Id.*

Plaintiff tries to make such an assertion by claiming that Trustees Lombardo and Patterson "blatantly lied" about whether Plaintiff and Blackwell were asked their ages, and that this "deceit...raises the specter that [Lombardo and Patterson] were, in fact, motivated by age." Plaintiff also argues that Trustee Patterson's alleged contempt for age discrimination laws creates a genuine issue of material fact as to whether age was a motivating factor in the Defendant Trustees' decision not to hire Plaintiff.

To support these arguments and to suggest that Plaintiff should survive Defendant's Motion for Summary Judgment, Plaintiff cited favorable language from an ADEA case decided by the Supreme Court in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). Plaintiff states that the Court held that "the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose" and that "sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 147-148.

However, the *Reeves* Court then specifically noted that such a showing by the plaintiff may not be enough to survive summary judgment. *Id.* at 148. The Court wrote:

> Certainly there will be instances where, although Plaintiff has established a prima facie case and set forth sufficient evidence to reject defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted

-9-

independent evidence that no discrimination had occurred.

*Id.*

Here, while Plaintiff may have created a weak issue of fact as to whether Defendant Trustees' reasons were untrue, there is substantial evidence that Defendant's decision to hire Blackwell over Plaintiff was not based on age. Thus, even upon viewing the evidence in the light most favorable to Plaintiff and assuming that Trustee Patterson asked Plaintiff his age during the second interview and then made the negative comments regarding age discrimination laws, Plaintiff still has not demonstrated by a preponderance of the evidence that Defendant's reasons were merely a pretext for age discrimination.

First, it is undisputed that age or retirement plans were not discussed during Plaintiff's first interview with Trustees Luhta and Lombardo. After that interview, both Trustees already had decided that they did not want to offer Plaintiff the Administrator position. Trustees Luhta and Lombardo were concerned about whether Plaintiff had the ability to manage his personnel business and simultaneously perform the extensive duties of the Administrator job. They also believed that Plaintiff's attitude was arrogant and abrasive. Consequently, even before Trustee Patterson's alleged age-related inquiries, Trustees Luhta and Lombardo, who represent a majority of the Board of Trustees, had decided not to hire Plaintiff based on legitimate, non-discriminatory reasons.

Second, Plaintiff was only granted another interview, because Trustee Patterson had initially recommended Plaintiff for the position and Patterson had thought very highly of Plaintiff. Therefore, even after assuming that Trustee Patterson inquired about Plaintiff's age or retirement plans, it seems unlikely that Patterson would later act with age-based discriminatory animus in choosing not to hire

-10-

Plaintiff. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (discussing the "same actor" inference where "an individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class"). This view is further supported by the fact that Trustee Patterson was already aware of Plaintiff's age, because they had worked together from 1975 to 1982 and had been good friends for over twenty-five years.

Third, while Plaintiff probably established his prima facie case when the Defendant Trustees hired an applicant who was eight and one-half years younger, the Defendants still showed a lack of discriminatory animus by deciding to hire Blackwell, whose age of fifty-five placed him within the upper limits of the protected class under the ADEA. In addition, Plaintiff did not attempt to argue that he was a better candidate for the position than Blackwell, nor did he try to challenge Blackwell's qualifications to be the Township Administrator.

As a result, even after viewing the evidence in the light most favorable to Plaintiff, this Court concludes that Plaintiff has not presented enough circumstantial evidence to prove that Defendant Trustees' legitimate, non-discriminatory reasons for hiring Blackwell were a pretext for age discrimination.

**4. ADEA and Ohio age discrimination claims fail as a matter of law**

Because Ohio statutory law parallels the ADEA analysis and Plaintiff has not set forth specific facts showing a genuine issue for trial, summary judgment for the Defendant Trustees based on Plaintiff's ADEA and Ohio statutory claims is appropriate. Furthermore, because Plaintiff cannot survive summary judgment on his statutory claims, Plaintiff's public policy claim must fail as well. *Hausler v. Gen. Elec. Co.*, 2005 Fed. App. 0485N (6th Cir. 2005).

-11-

### III.  CONCLUSION

Viewing all of the evidence together and in a light most favorable to the Plaintiff, the Court holds that Richard Bauer has not offered sufficient evidence to permit a reasonable jury to find that Concord Township Trustees discriminated against him on the basis of age in violation of the ADEA, O.R.C. §§ 4112.14 and 4112.99, and Ohio public policy.  Defendants' Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

DATE: 07/18/05              /s/ Christopher A. Boyko
                            **CHRISTOPHER A. BOYKO**
                            **United States District Judge**
                            **Original signature on file**